IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WADDELL BYNUM, JR.,

     Plaintiff,

                                 CIVIL ACTION NO.

v.                           1:13-cv-00473-JEC

DOMINO'S PIZZA,

        Defendant.

## ORDER & OPINION

This case is before the Court on defendant's Motion to Dismiss [2], plaintiff's Motion Not to Allow Transfer [5], and plaintiff's Motion Not to Allow Transfer of Civil Action from Superior Court [7]. The Court has reviewed the record and the arguments of the parties, and, for the reasons set out below, concludes that plaintiff's Motion Not to Allow Transfer [5] and plaintiff's Motion Not to Allow Transfer of Civil Action from Superior Court [7] should be **DENIED**, and defendant's Motion to Dismiss should be **GRANTED**. The case is dismissed without prejudice.

## BACKGROUND

Plaintiff Waddell Bynum, Jr., proceeding *pro se*, is a resident of Charlotte, North Carolina. (Notice of Removal [1] at 1.)

Plaintiff filed a paragraph-long complaint in the Superior Court of Fulton County, Georgia against defendant Domino's Pizza LLC. (*See* Compl., attached to Notice of Removal [1] at Ex. A.) The paragraph consists of a largely unintelligible jumble of phrases and allegations apparently relating to an alleged robbery of plaintiff while he was employed as a pizza-delivery driver. (*Id.*) Plaintiff seems to be claiming that defendant violated his civil rights, breached a contract, and committed assault. (*Id.*) Plaintiff does not state any of the elements of these causes of action, however, nor does he include any specific facts supporting these individual claims. (*Id.*) Nonetheless, plaintiff asks for summary judgment and eight-billion dollars in relief. (*Id.*)

Defendant removed the case to this Court on the basis of diversity of citizenship. (Notice of Removal [1] at 2.) Defendant then moved to dismiss plaintiff's claims under FED. R. CIV. P. 12(b)(6) for failure to state a plausible claim and under FED. R. CIV. P. 12(b)(2) for lack of jurisdiction due to improper service. (Def.'s Mot. to Dismiss [2] at 1.)

In response to defendant's Motion to Dismiss, plaintiff filed two motions objecting to the removal of the case from the Fulton County Superior Court. (Pl.'s Mot. Not to Transfer ("Pl.'s Mot. #1") [5] at 1; Pl.'s Mot. Not to Allow Transfer of Civil Action from Superior Ct. ("Pl.'s Mot. #2") [7] at 1.) In addition to these

2

motions, plaintiff filed a memorandum of law explaining why this Court should deny the removal. (Pl.'s Mem. of Law in Opp'n of Def.'s Transfer Mot. to Dismiss ("Pl.'s Mem.") [8] at 1.)  Like plaintiff's complaint, the motions and memorandum are little more than a rambling, stream-of-consciousness conglomerations of random facts mixed with indecipherable legal phrases and case citations.  At best, plaintiff's motions and memorandum only tangentially engage the substance of defendant's motion to dismiss, instead focusing almost entirely on why this Court should deny removal. (Pl.'s Mot. #1 [5] at 1; Pl.'s Mot. #2 [7] at 1; and Pl.'s Mem. [8] at 1.)

**DISCUSSION**

I.  **DEFENDANT'S MOTION TO DISMISS**

    A.  <u>Rule 12(b)(6) Argument</u>

A plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion to dismiss under FED. R. CIV. P. 12(b)(6) asks the Court to determine whether the pleader has properly shown that it is entitled to relief. FED. R. CIV. P. 12(b)(6). Courts must apply the standards articulated by the Supreme Court in *Bell Atlantic v. Twombly, Inc.* and *Ashcroft v. Iqbal* in gauging whether a complaint can survive a 12(b)(6) motion. *See, e.g. Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir.

3

2010).  To survive a motion to dismiss, a complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must present facts that rise above a speculative level and instead state a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In determining whether a plaintiff's complaint meets this standard, courts need only accept factual allegations as true, not legal conclusions or "[t]hreadbare recitals" of a claim's elements.  *Id.* at 678.

Plaintiff's complaint fails to satisfy the *Twombly/Iqbal* standard of plausibility.  While courts must afford some leniency to a *pro se* plaintiff's pleading, even under the most forgiving interpretation possible, plaintiff's complaint identifies no cognizable cause of action.  *Broner v. Wash. Mut. Bank, FA*, 258 Fed. App'x 254, 256 (11th Cir. 2007)("We show leniency to *pro se* litigants, but will not serve as *de facto* counsel or rewrite a pleading in order to sustain an action.")

Plaintiff provides a jumbled summary of facts that, at best, show someone harmed him, but it is not clear whether the defendant

4

even employed that person.   (Compl., attached to Notice of Removal [1] at Ex. A.)   This type of pleading directly contradicts the Supreme Court's assertion in *Iqbal* that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.   Similarly, defendant's legal claims are not even "[t]hreadbare recitals" of a claim's elements, but simply a list of the claims themselves. *Id.;* (Compl., attached to Notice of Removal [1] at Ex. A).   Plaintiff states that he suffered "violation of civil rights [sic] calling plaintiff out of his name and discrimination following orders and being dealt with.  Violation of contract saying these action [sic] would not happen.OCGA-9-2-40-47 [sic] Equal Protection of th4e [sic] lawus [sic] Const.Art1-1 [sic]."   (Compl., attached to Notice of Removal [1] at Ex. A.)   Because this incoherent and conclusory lump of claims does not permit a reasonable inference that the defendant is liable for anything, the complaint cannot survive a motion to dismiss.[1]

   After reviewing plaintiff's filing history, the Court also concludes that allowing the plaintiff to amend the complaint would be

---

   [1]   Plaintiff also fails to address the merits of defendant's Motion to Dismiss in his later motions.  Plaintiff only focuses on how removal to federal court is improper, as opposed to why his complaint does state a viable cause of action.  (Pl.'s Mot. #1 [5] at 1; Pl.'s Mot. #2 [7] at 1; and Pl.'s Mem. [8] at 1.)  Plaintiff's failure to engage defendant's arguments and file a response motion further supports dismissal of his claims.

5

futile.  Plaintiff has filed four other complaints in this Court, all of which were as incomprehensible as the one at hand and all of which were dismissed for either lack of subject matter jurisdiction, failure to comply with a Court order, or because the claims were frivolous.  *Bynum v. Charlotte Hous. Auth.*, 1:11-cv-01770-JEC-AJB (N.D. Ga., terminated July 20, 2011); *Bynum v. Barton Sec.*, 1:11-cv-00535-JEC-AJB (N.D. Ga., terminated Mar. 18, 2011); *Bynum v. City of Charlotte Sanitation Dep't*, 1:11-cv-00534-JEC-AJB (N.D. Ga., terminated Mar. 18, 2011); *Bynum v. Mecklenburg Cnty. Sch.*, 1:11-cv-00529-JEC-AJB (N.D. Ga., terminated Mar. 18, 2011).

Given plaintiff's history of filing frivolous civil rights and employment claims, there would be little purpose in allowing plaintiff to prolong litigation of the present frivolously-drafted complaint by allowing him to amend that complaint.

B.   Failure to Properly Serve Defendant

Even if plaintiff's complaint did satisfy the *Twombly/Iqbal* standards for plausibility, this Court lacks jurisdiction over defendant because of plaintiff's improper service of process.  As the Eleventh Circuit has noted:  "Service of process is a jurisdictional requirement:  a court lacks jurisdiction over the person of a defendant when that defendant has not been served."  *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).

6

Plaintiff initially filed his complaint in a Georgia state court, and therefore the question of proper service is a matter of Georgia law. In an action against a corporation, service must be to an officer or authorized agent. O.C.G.A. § 9-11-4(e)(1)(A), (2)(A). Service fails here because plaintiff served a non-authorized franchisee of the defendant corporation, not an officer or authorized agent of the defendant itself. *Stephens v. McDonald's Corp.*, 245 Ga. App. 109, 110 (2000)(service to franchisee did not constitute proper service on the defendant); (Decl. of Ryan K. Mulally ("Mulally Decl."), attached to Notice of Removal [1] at ¶¶ 3-5). Plaintiff provides no evidence to rebut defendant's evidence that service is improper. (Pl.'s Mot. #1 [5]; Pl.'s Mot. #2 [7]; and Pl.'s Mem. [8].)

Upon removal to federal court, a plaintiff may correct an initially-defective service of process. 28 U.S.C. § 1448. The rules for serving a corporation in federal court are essentially the same as Georgia's requirements: a plaintiff must serve either the corporation's officers or authorized agents. FED. R. CIV. P. 4(h). Plaintiff has not attempted to correct the initially defective service to conform with this requirement. In his second motion asking the Court to deny removal, plaintiff apparently argues that the defendant has no registered agent with the Georgia Secretary of State and hence he cannot obtain the full title of the defendant

7

corporation.  While Georgia law does allow service to the Secretary of State when a plaintiff cannot serve the corporation's officers or registered agents, plaintiff provides no evidence that this exception applies to defendant and hence this argument is unpersuasive. O.C.G.A. § 9-11-4(e)(1)(A).  In short, dismissal would also be proper based on plaintiff's failure to properly serve the defendant.

## II.  MOTIONS TO DENY REMOVAL

Plaintiff's motions to deny removal to this Court are also baseless.  While written as confusedly as his complaint, plaintiff seems to argue that because he did not receive notice of removal and does not approve of it, the Court must remand the case back to the state trial court.  (Pl.'s Mot. #1 [5] at 1.)  However, this Court does have original jurisdiction over this action due to diversity of citizenship.

To remove a case on the basis of diversity, the parties must be citizens of different states at the time of filing and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.  For corporations, citizenship means the state of incorporation and its principal place of business.  *Id.* § 1332(b)(1).  Plaintiff is a citizen of North Carolina.  (Notice of Removal [1] at 1.)  Defendant is incorporated in Michigan and has its principal place of business there.  (*Id.* at 2.)  Its corporate parent, Domino's Inc., is a

Delaware corporation with its principal place of business in Michigan. (*Id.*) The amount in controversy in this case is the eight-billion dollars that plaintiff seeks. (Compl., Notice of Removal [1] at Ex. A.)

Because plaintiff and defendant are diverse and the amount in controversy exceeds $75,000, this Court has original jurisdiction over this case and removal is therefore permissible. 28 U.S.C. §§ 1332(a) and 1441. Defendant properly removed the case by filing its Notice of Removal within thirty days of receiving plaintiff's complaint, including the necessary copies of all pleadings received from plaintiff, and stating the reasons for removal. *Id.* at § 1446(a)-(b); (Notice of Removal [1]).

Plaintiff's objection that removal is improper because he did not receive notice is belied by the fact that he filed two responses asking this Court to deny removal, as well as a supporting Memorandum of Law. (Pl.'s Mot. #1 [5]; Pl.'s Mot. #2 [7]; and Pl.'s Mem. [8].) In any event, plaintiff's argument that removal is improper because he did not approve of it is irrelevant, as removal does not require approval of the plaintiff. 28 U.S.C. § 1441(a). Finally, plaintiff does not dispute that diversity jurisdiction is present in any of his responses. (Pl.'s Mot. #1 [5]; Pl.'s Mot. #2 [7]; and Pl.'s Mem. [8].)

<u>CONCLUSION</u>

For the above reasons, the Court **DENIES** plaintiff's Motion Not to Transfer [5] and plaintiff's Motion Not to Allow Transfer of Civil Action from Superior Court [7] and **GRANTS** defendant's Motion to Dismiss [2], without prejudice.  The dismissal is without prejudice because (1) a dismissal based on a failure to properly serve a defendant is without prejudice (Fed. R. Civ. P. 4(m)) and (2) when dismissing for failure to comply with *Twombly/Iqbal* standards, courts typically allow a second chance for the plaintiff to submit a passable complaint.

As to the latter, though, the Court encourages the plaintiff not to take advantage of that second chance because he will likely only be wasting another $400 in paying a second filing fee.  Indeed, besides plaintiff's inability to allege facts that would state a cause of action, it is unlikely that any action against defendant would be timely enough to proceed.[2]

---

[2] Defendant's records indicate that plaintiff was employed only in 1999.  (Def.'s Mem. of Law in Supp. of its Mot. to Dismiss ("Def.'s Mem."), attached to Def.'s Mot. to Dismiss [2] at 3 n.1.) If plaintiff's complaint does relate to that employment, it would be barred by any applicable statute of limitations.  A Title VII claim based on plaintiff's alleged wrongful termination in November 2011 would likewise be barred by the 180-day limit on such claims.  42 U.S.C. § 2000e-5(e)(1); (Def.'s Mem. [2] at 3 n.1).

10

SO ORDERED, this <u>3rd</u> day of September, 2013.

<u>/s/ Julie E. Carnes</u>
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

11